**Ellen DEVLIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 399CV1863PCD.**

United States District Court, D. Connecticut.

March 14, 2002.

Harold R. Cummings, Cummings & Lanza, South Windsor, CT, Kevin Ladieu, Law Offices of Nicholas T. Kocian, Thomas P. Cella, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for Plaintiff.

Christine L. Sciarrino, U.S. Attorney's Office–NH, Lauren M. Nash, U.S. Attorney's Office, New Haven, CT, Robin D. Smith, U.S. Department of Justice, Washington, CT, for Defendant.

## RULING ON MOTION FOR RECONSIDERATION

DORSEY, District Judge.

Defendant moves for reconsideration of the denial of summary judgment. For the reasons set forth herein, reconsideration is granted and defendant's motion for summary judgment is granted.

## I. BACKGROUND

Michael Murratti completed a form designating as beneficiaries his mother, Margaret M. Devlin, to receive 60% and his nephew, David M. Spinato, to receive 40% of the proceeds upon his death from the

Federal Employees' Group Life Insurance program ("FEGLI"). This form was properly filed in his official personnel file. Murratti received Federal Employees' Compensation for two separate motor vehicle accidents, which ultimately rendered him permanently disabled.

On May 2, 1990, Murratti sought to change his 40% FEGLI beneficiary designation from his nephew to plaintiff, his sister. The form changing beneficiaries was completed and filed at his place of employment although it was required to be forwarded directly to the Office of Personnel Management ("OPM") because he was receiving compensation benefits. The designation of beneficiaries was not filed with OPM prior to Murratti's death. Upon his death, both plaintiff and Spinato submitted claims for the FEGLI proceeds to Metropolitan Life Insurance Company ("MetLife"), the underwriter for FEGLI. After the United States Postal Service denied her claim for negligence in handling the change of beneficiary form, plaintiff commenced the instant action claiming that the United States Postal Service is liable under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Defendant now seeks reconsideration of the ruling denying its motion for summary judgment.

## II. DISCUSSION

Plaintiff sues under the FTCA, claiming that government employees acted negligently within the course of their employment, thereby injuring plaintiff. Defendant argues that plaintiff is not entitled to relief under the FTCA because her claim does not constitute "injury or loss of property," thus her claim does not come within the purview of the federal government's waiver of sovereign immunity.

### A. Standard of Review

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that he is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue has been raised, all ambiguities must be resolved and all reasonable inferences be drawn against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). The nonmovant cannot rest on the pleadings, *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505, but must supplement the pleadings with affidavits, depositions, and answers to interrogatories, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. Analysis

The FTCA waives the sovereign immunity of the federal government for claims of negligence by its employees. *See Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir.2000). Plaintiff bears the burden of proving that her claims fall within an applicable waiver of sovereign immunity. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). The FTCA waives its sovereign immunity for claims satisfying the following six elements:

"[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance

with the law of the place where the act or omission occurred."

*FDIC v. Meyer,* 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (quoting 28 U.S.C. § 1346(b)(1)).

 The ruling denying the motion for summary judgment concluded Connecticut tort law would permit an action under the circumstances if the United States were a private party. Such a claim, however, is limited to claims involving "injury or loss of property," *see* 28 U.S.C. § 1346(b)(1), regardless of whether plaintiff could pursue a similar claim against a private actor under the laws of Connecticut. *See Cal. v. United States,* 307 F.2d 941, 944 (9th Cir. 1962). Although the scope of the waiver of sovereign immunity is defined to some extent by reference to state law, *see Smith v. United States,* 507 U.S. 197, 201, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993), the reference in § 1346(b)(1) to "injury or loss of property" is a question of federal statutory construction. The reference has been considered a separate element necessary to satisfy the relevant waiver of sovereign immunity. *See Meyer,* 510 U.S. at 477, 114 S.Ct. 996. To interpret the phrase as otherwise and permit any cause of action in negligence allowed under state law would reduce the phrase to surplusage. *See Mertens v. Hewitt Assocs.,* 508 U.S. 248, 258, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

 The term "property" is not defined by the FTCA. A term not defined by the FTCA is to be construed "in accordance with its ordinary or natural meaning." *Meyer,* 510 U.S. at 476, 114 S.Ct. 996. "Property" is defined as "[t]hat which is peculiar or proper to any one person; that which belongs exclusively to one" or "ownership; the unrestricted and exclusive

right to a thing; the right to dispose of a thing in every legal way, to possess it, to use it, and to exclude everyone else from interfering with it." BLACK'S LAW DICTIONARY 1216 (6th ed.1990). It has also been defined as "anything of material value owned or possessed[; or] ... [t]hat to which a person has a legal title. . . . It may include everything which is the subject of ownership." *Verdon v. Transamerica Ins. Co.,* 187 Conn. 363, 366–67, 446 A.2d 3 (1982) (citations omitted; internal quotation marks omitted). The waiver of sovereign immunity thus addressed "the ordinary 'common law' type of tort, such as personal injury or property damage caused by the negligent operation of an automobile." *Dalehite v. United States,* 346 U.S. 15, 25 n. 10 73 S.Ct. 956, 97 L.Ed. 1427 (1953) (quoting Hearings before House Committee of Judiciary, 77th Cong., 2d Sess., on H.R.5373 and H.R.6463, p. 24.)

Plaintiff's does not claim that she has a legal claim as beneficiary of the insurance policy. As a matter of law, she has no such claim.[1] She claims that acts of the federal government impaired her expected property interest. It has been said that "[a]n expectancy is only the bare hope of succession to the property of another, such as may be entertained by an heir apparent. . . . Such a hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may never exist." *Krafick v. Krafick,* 234 Conn. 783, 797, 663 A.2d 365 (1995) (citation omitted; internal quotation marks omitted). Plaintiff's inchoate interest cannot satisfy the definition of property pursuant to § 1346(b)(1). *See Charles Burton Builders, Inc. v. United States,* 768 F.Supp. 160, 162 (D.Md.1991) ("[I]n order to be covered by the FTCA there must have been a physical impact of some type

---

1. On May 11, 2000, decedent's nephew was granted a declaratory judgment that he, not plaintiff, was the beneficiary and entitled to the proceeds of the life insurance policy.

on the plaintiff or its property . . . .") Although the result is unfortunate, jurisdiction over plaintiff's claim may only be sustained if she establishes that it falls within an applicable waiver of sovereign immunity, which must be strictly construed in favor of the sovereign, *see Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999).[2] Having failed to establish that her claim falls within such a waiver, this Court does not have jurisdiction to hear her claim. Defendant's motion for summary judgment is granted.

## III. CONCLUSION

The motion for reconsideration (Doc. 34) is **granted**. For the reasons discussed above, the previous ruling (Doc. 27) is **vacated** and defendant's motion for summary judgment is **granted**. The Clerk shall close the file.

SO ORDERED.

**2.** Although the claim addressed in *Metropolitan Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir.2000), is similar to the present claim, the decision centers on whether the claim was properly characterized as negligent misrepresentation, for which sovereign immunity has not been waived, or the negligent performance of an operational task, for which sovereign immunity has been waived. The Court did not address whether the claimed loss satisfied the definition of "injury or loss of property."