**Laura E. REICHHART,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 10–1108–cv.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2011.

442

Peter T. Rodgers (John T. Refermat, on the brief), Lacy Katzen LLP, Rochester, N.Y., for Plaintiff–Appellant.

Stephan J. Baczynski, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y., Defendant–Appellee.

Present: ROBERT D. SACK, ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Laura E. Reichhart appeals from the February 23, 2010, judgment of the district court granting the motion of Defendant–Appellee United States of America to dismiss the complaint. On appeal, Reichhart argues that the district court erred in concluding that her claim, which arose from a slip-and-fall injury that took place on a federally owned pier, was foreclosed by the "discretionary function exception" to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and thus failed for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts and procedural history of this case.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *Ford v. D.C. 37 Union Local 1549,* 579 F.3d 187, 188 (2d Cir.2009) (per curiam). "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* (internal quotation marks omitted).

Reichhart brought this action pursuant to the FTCA, which provides:

[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Title 28, section 2680(a) of the United States Code, known as the "discretionary function exception" to the FTCA, excepts from the Act's coverage

[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance

or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The discretionary function exception is "a form of retained sovereign immunity. As a result, the [FTCA's] waiver of federal sovereign immunity does not encompass actions based upon the performance of, or failure to perform, discretionary functions." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 190 (2d Cir.2008). "Because the FTCA is structured as a grant of subject matter jurisdiction to the federal courts, a finding that the discretionary function exception applies is tantamount to holding that the court lacks jurisdiction." *Caban v. United States*, 671 F.2d 1230, 1235 n. 5 (2d Cir.1982) (citation omitted). The exception applies "only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis." *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir.2000) (internal quotation marks omitted).

There is no dispute that the United States Army Corps of Engineers (the "Corps"), which maintained the Charlotte Pier (the "Pier") where Reichhart's accident took place, was aware of the condition of the Pier at the time of Reichhart's accident. In deciding not to repair the Pier, the Corps considered, among other things, the purpose of the Pier, whether the deterioration of the Pier's surface compromised its structural integrity, whether the hazard was open and obvious, the cost to repair the Pier, and allocation of the Corps' resources. We therefore conclude that the Corps' decision was an exercise of its discretion and susceptible to a policy analysis. *See Coulthurst*, 214 F.3d at 109.

Accordingly, the district court did not err in holding that Reichhart's claim was foreclosed by the discretionary function exception to the FTCA and in thus dismissing the complaint for lack of subject matter jurisdiction.

We have considered Reichhart's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**