22-1869-cv
*Russo v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:    John M. Walker, Jr.,
            Susan L. Carney,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

ROBERT RUSSO,

          *Plaintiff-Appellant*,

    v.                                              No. 22-1869-cv

UNITED STATES OF AMERICA,

          *Defendant-Appellee.*

_____

*For Plaintiff-Appellant*:                    Robert Russo, *pro se*, Bronx, NY.

*For Defendant-Appellee*:             Mary Ellen Brennan (Ilan Stein, Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part**, VACATED** in part, and **REMANDED** for modification consistent with this order.

Robert Russo, a former federal inmate proceeding *pro se* on appeal, challenges the district court's judgment dismissing his Federal Tort Claims Act ("FTCA") complaint for lack of subject matter jurisdiction. Russo was assaulted by another inmate while he was incarcerated. He sued the United States through counsel, alleging that employees of the Bureau of Prisons ("BOP") were negligent and therefore liable for the harm that he suffered from the assault. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

We review dismissals for lack of subject matter jurisdiction *de novo*. *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007). "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Green v. Dep't of Educ. of the City of N.Y.*, 16 F.4th 1070, 1075 (2d Cir. 2021) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "Sovereign immunity is jurisdictional in

2

nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States is entitled to sovereign immunity and may not be sued without its consent. *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020). The FTCA waives sovereign immunity for claims related to injuries arising from the tortious conduct of federal officers or agents. 28 U.S.C. § 1346(b)(1).

The FTCA includes exceptions to the federal government's waiver of sovereign immunity. As relevant here, the waiver does not extend to claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). This "discretionary function exception" applies when two conditions are met: "(1) the acts alleged to be negligent must be discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in 'considerations of public policy' or susceptible to policy analysis." *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000) (quoting *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)). "[F]or acts that fall under the discretionary function exception, the United States has not waived its sovereign immunity, and federal courts lack subject matter jurisdiction over claims premised on those acts." *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021).

## II

The district court correctly determined that the discretionary function exception barred Russo's claim. Russo's second amended complaint did not identify a mandatory statute or regulation that the BOP breached. Under 18 U.S.C. § 4042(a)(2), the BOP must "provide suitable quarters and provide for the safekeeping, care, and subsistence of" federal inmates. But § 4042(a)(2) does not require a specific approach to achieving those ends. Rather, deciding how to address prison safety issues such as drug smuggling and inmate-on-inmate threats

3

involves an element of judgment or choice.[1]  Because § 4042 allows "a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324; *see also Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.").

The "negligent guard theory," which in prior cases has permitted a plaintiff to avoid the bar of the discretionary function exception, does not apply to this case. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Coulthurst*, 214 F.3d at 110). In those cases, we held that actions reflecting "laziness" and "inattentive[ness]" by federal employees "do not involve 'considerations of public policy'" and for that reason fall "outside the scope" of the discretionary function exception. *Coulthurst*, 214 F.3d at 110-11 (quoting *Gaubert*, 499 U.S. at 323). In this case, Russo alleges that one BOP employee instructed Russo's aggressor to return to his cell, and Russo argues that the employee should have taken some alternative, more effective action. His allegations challenge the employee's decision about how to respond to the risk that the inmate would attack Russo, not a failure reflecting laziness or inattentiveness. Accordingly, the district court was correct to dismiss Russo's second amended complaint for lack of subject matter jurisdiction.

### III

The district court erred, however, by dismissing the complaint with prejudice. "[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case

---

[1] *See Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018) (observing that neither § 4042(a) "nor any other federal statute, regulation or policy can be said to specifically prescribe a course of action … that BOP officials must follow") (internal quotation marks omitted and alteration adopted); *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) ("[E]ven if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception.").

with prejudice." *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (internal quotation marks omitted and alteration adopted). "[W]ithout jurisdiction, the district court lacks the power to adjudicate the merits of the case," so "the dismissal must be without prejudice, rather than with prejudice." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016). We remand with instructions for the district court to modify its judgment to dismiss the case without prejudice.

*          *          *

We have considered Russo's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court in part, vacate the judgment only insofar as the district court dismissed Russo's complaint with prejudice, and remand so that the district court may enter a judgment of dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5