**11-2510-cv(L)**
*Molchatsky, et al. v. United States*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: March 14, 2013      Decided: April 10, 2013)

Docket Nos. 11-2510-cv(L),
11-2532-cv(con), 11-3142-cv(con),11-3304-cv(con),
11-3306-cv(con), 11-3310-cv(con),12-472-cv(con),
12-476-cv(con),12-502-cv(con), 12-511-cv(con),
12-518-cv(con), 12-533-cv(con).

PHYLLIS MOLCHATSKY, CHARLES MEDERRICK, INDIVIDUALLY AND ON
BEHALF OF ALL THOSE PERSONS SIMILARLY SITUATED,
ALAN GOLDMAN, THE LITWIN FOUNDATION, INC.,
THE MICHAEL AND RUTH SLADE FOUNDATION, STEVEN SCHNEIDER,
M.D., JUDITH WELLING, INDIVIDUALLY AND ON BEHALF OF ALL
THOSE PERSONS SIMILARLY SITUATED, BLAYNE GOLDMAN,
ALLAN H. APPLESTEIN, AS TRUSTEE FOR THE BENEFIT OF D.C.A.
GRANTOR TRUST, GEORGE R. MARKS, ROBERT MICK, INDIVIDUALLY
AND ON BEHALF OF ALL THOSE PERSONS SIMILARLY SITUATED,
GEORGE R. MARKS, AS BENEFICIARY FOR THE BENEFIT OF GEORGE R.
MARKS I.R.A., HAROLD SCHWARTZ, AS TRUSTEE FOR THE BENEFIT
OF HAROLD SCHWARTZ 1997 IRREVOCABLE TRUST, AS BENEFICIARY
FOR THE BENEFIT OF HAROLD SCHWARTZ I.R.A. AND AS TRUSTEE OF
THE BENEFIT OF HAROLD SCHWARTZ 1998 LIVING TRUST,
ROSENMAN FAMILY, LLC, ROBERT I. LAPPIN, AS TRUSTEE FOR THE
BENEFIT OF SHETLAND PROPERTIES EMPLOYEE SAVINGS AND
RETIREMENT PLAN, DANIEL SILNA, AS TRUSTEE FOR THE BENEFIT OF
O.D.D. INVESTMENTS L.P. PROFIT SHARING PLAN,

*Plaintiffs-Appellants*,

-v.-

UNITED STATES OF AMERICA, JOHN DOES 1-10,

*Defendants-Appellees.*<sup>*</sup>

_____

Before:
    WESLEY, DRONEY, *Circuit Judges,* NATHAN, *District Judge.*<sup>**</sup>


    Appeal from the April 19, 2011 Opinion and Order by the United States District Court for the Southern District of New York (Swain, *J.*) granting the United States' motion to dismiss Plaintiffs-Appellants' claims against the United States Securities and Exchange Commission (the "SEC") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and from the January 24, 2011 Memorandum Order denying Plaintiffs-Appellants' motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  Plaintiffs-Appellants argue that the district court erred by dismissing their complaints pursuant to the Discretionary Function Exception to the Federal Tort Claims Act because the SEC negligently failed to adequately investigate Bernard Madoff despite numerous warnings and, in doing so, violated federal statutes and regulations, as well as internal agency policies.  We AFFIRM because the Discretionary Function Exception shields the SEC's conduct from Plaintiffs-Appellants' claims.

    AFFIRMED.




_____

    <sup>*</sup> The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

    <sup>**</sup> The Honorable Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

PATRICIA M. GRAHAM (Howard Elisofon, David R. King, *on the brief*), Herrick, Feinstein LLP, New York, NY, *for Plaintiff-Appellant Phyllis Molchatsky.*

DR. GAYTRI D. KACHROO, Kachroo Legal Services, P.C., Cambridge, MA, *for Plaintiff-Appellant Charles Mederrick.*

Howard Kleinhendler, Sara Spiegelman, Wachtel Masyr & Missry LLP, New York, NY, *for Plaintiff-Appellant Allan H. Applestein.*

SARAH S. NORMAND, Assistant United States Attorney (Neil M. Corwin, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees.*

Lawrence R. Velvel, Massachusetts School of Law, Andover, MA; David Bernfeld, Bernfeld, DeMatteo & Bernfeld LLP, New York, NY, *for Amicus Curiae Network for Investor Action and Protection.*

---

PER CURIAM:

Plaintiffs-Appellants Phyllis Molchatsky, et al. ("Plaintiffs") appeal from an April 19, 2011 Opinion and Order by the United States District Court for the Southern District of New York (Swain, *J.*) granting Defendant-Appellee the United States' motion to dismiss Plaintiffs' complaints against the United States Securities and Exchange Commission (the "SEC") for lack of subject matter jurisdiction pursuant

3

to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs also appeal from the district court's January 24, 2011 Memorandum Order denying Plaintiffs' motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Plaintiffs seek to hold the United States liable for SEC employees' failure to detect Bernard Madoff's Ponzi scheme and for the financial losses that Plaintiffs claim they suffered as a result. Because we find that the SEC's actions, along with its regrettable inaction, are shielded by the Discretionary Function Exception, we affirm the district court's dismissal of Plaintiffs' claims for lack of subject matter jurisdiction.

**Background**

Plaintiffs are investors who lost money they had entrusted to Bernard Madoff ("Madoff") and his firm, Bernard L. Madoff Investment Securities LLC, after Madoff's massive Ponzi scheme exploded in 2008. Plaintiffs' principal allegation is that the SEC negligently failed to uncover Madoff's fraud despite receiving numerous complaints over a sixteen-year period. Relying on an extensive report from the SEC's Office of the Inspector General, Plaintiffs allege in detail approximately eight separate complaints the SEC received regarding Madoff and the SEC's inadequate and often

4

incompetent response to each.  As a result of the SEC's repeated failure to alert other branch offices of ongoing investigations, properly review complaints and staff subsequent inquiries, and follow up on disputed facts elicited in interviews, the SEC missed many opportunities to uncover Madoff's multi-billion-dollar fraud.

## Discussion

Plaintiffs claim that the SEC's clear negligence exposes the agency to liability under the Federal Tort Claims Act ("FTCA").  The district court disagreed, as do we.  The FTCA provides in relevant part that federal courts

> shall have exclusive jurisdiction of
> civil actions on claims against the
> United States, for money damages,
> accruing on and after January 1, 1945,
> for injury or loss of property, or
> personal injury or death caused by the
> negligent or wrongful act or omission of
> any employee of the Government while
> acting within the scope of his office or
> employment, under circumstances where the
> United States, if a private person, would
> be liable to the claimant in accordance
> with the law of the place where the act
> or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA is an exception to the rule that the United States is typically immune from suit.  The district court determined that the Discretionary Function Exception

5

("DFE"), an exception to the exception, barred Plaintiffs' claims. The DFE suspends the FTCA from applying to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The DFE is not about fairness, it "is about power," *National Union Fire Insurance v. United States*, 115 F.3d 1415, 1422 (9th Cir. 1997); the sovereign "reserve[s] to itself the right to act without liability for misjudgment and carelessness in the formulation of policy," *id.* "[T]he DFE bars suit only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in 'considerations of public policy' or susceptible to policy analysis." *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000) (*quoting United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)). Plaintiffs bear the initial burden to state a

claim that is not barred by the DFE. *See Gaubert*, 499 U.S. at 324-25. Here, Plaintiffs have failed to make the necessary showing.

Plaintiffs' harm ultimately stems from the SEC's failure to investigate Madoff and uncover his Ponzi scheme. As a result, the conduct Plaintiffs seek to challenge is "too intertwined with purely discretionary decisions" made by SEC personnel. *Gray v. Bell*, 712 F.2d 490, 515 (D.C. Cir. 1983); *see generally id.* at 515-16. Despite our sympathy for Plaintiffs' predicament (and our antipathy for the SEC's conduct), Congress's intent to shield regulatory agencies' discretionary use of specific investigative powers via the DFE is fatal to Plaintiffs' claims. *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 538 & 538 n.4 (1988) (quoting H.R.Rep. No. 1287, 79th Cong., 1st Sess., 6 (1945)). In satisfaction of the first prong of the DFE, the SEC retains complete discretion over when, whether and to what extent to investigate and bring an action against an individual or entity. *See* 15 U.S.C. § 78u(a)(1); 17 C.F.R. § 202.5(a)-(b). The conduct in question here meets the second prong of the DFE by virtue of the SEC's choices regarding allocation of agency time and resources being sufficiently grounded in economic, social and policy

7

considerations.  *See Bd. of Trade of City of Chicago v. SEC*, 883 F.2d 525, 531 (7th Cir. 1989); *cf. Coulthurst*, 214 F.3d at 108-11.

We find additionally that the district court did not abuse its discretion in denying Plaintiffs' Rule 60(b) motion for relief from judgment, or in denying Plaintiffs' request for jurisdictional discovery.  *Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003) (we review denials of Rule 60(b) motions for abuse of discretion); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (we review district court's refusal to permit jurisdictional discovery for abuse of discretion).  We have considered Plaintiffs' remaining arguments and find them to be without merit.

## Conclusion

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**