18-3155
Miles v. N.Y.C.T.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

George Miles,

> *Plaintiff-Appellant*,

> v.                                                                                      18-3155

New York City Transit Authority,

> *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**            George Miles, *pro se*, Philadelphia, PA.

**FOR DEFENDANT-APPELLEE:**            Byron Z. Zinonos (Eamonn F. Foley, Special Counsel, *on the brief*), *for* David I. Farber, Acting Vice President and General Counsel, New York

City Transit Authority,
Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant George Miles, *pro se*, sued the New York City Transit Authority ("NYCTA") for employment discrimination in 1997. That year, the district court dismissed Miles's complaint with prejudice, upon consent of the parties. In 2012, Miles filed his first motion to reopen. The district court denied the motion, because it was filed 15 years after Miles's case was dismissed and did not contain any legal reasoning to support reopening. In 2018, Miles filed a second motion to reopen, generally arguing that he was not given an opportunity to present evidence in his case before the district court. In October 2018, the district court denied that motion for the same reasons it denied Miles's 2012 motion to reopen. Miles appeals the denial of his second motion to reopen. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We construe a motion to reopen (filed more than 28 days after judgment has been entered) as a motion under Federal Rule of Civil Procedure 60(b), *Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012), and review the denial of such a motion for abuse of discretion, *Molchatsky v. United States*, 713 F.3d 159, 162–63 (2d Cir. 2013). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error

or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

Rule 60(b) provides that the district court may grant relief from a final judgment under the following circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) sets forth "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted). A motion under any provision of Rule 60(b) "must be made within a reasonable time," and, under circumstances (1) through (3), the motion must be made no more than a year after entry of judgment. Fed. R. Civ. P. 60(c)(1). Miles did not file his motion to reopen "within a reasonable time," as over two decades elapsed between his final judgment in 1997 and his motion to reopen in 2018. *See Grace v. Bank Leumi Tr. Co. of N.Y*, 443 F.3d 180, 191 (2d Cir. 2006) ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts.").

Miles has also not demonstrated "exceptional circumstances" warranting this "extraordinary judicial relief." *See Ruotolo*, 514 F.3d at 191. Miles argues that he was treated unfairly because his case was dismissed by the district court before he was able to present certain evidence, but does not address the fact that his case was dismissed **with his consent**. Miles argues that rules of procedure were not followed by the district court, but he does not specify what errors

3

occurred.  Accordingly, the district court did not abuse its discretion in denying Miles's motion to reopen.

We have reviewed the remainder of Miles's arguments and find them to be without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4