19-1579-cv
*Treistman v. McGinty, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty.**

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                    *Circuit Judges*,

---

BEN GARY TREISTMAN,

                *Plaintiff-Appellant,*                    19-1579-cv

                v.

ANTHONY MCGINTY, FAMILY COURT JUDGE,
ULSTER COUNTY (FJC), OTHER UNKNOWN NAMED
TRIAL DATE SCHEDULING CLERKS, ASSISTING
ANTHONY MCGINTY DURING PLAINTIFF'S TRIAL AS
TO SCHEDULING TRIAL DATES, THE NEW YORK
FAMILY COURT SYSTEM, ALL WITHIN THEIR
PERSONAL AND OFFICIAL CAPACITIES, DONNA
WIENER, SECRETARY AND COURTROOM CLERK TO
ANTHONY MCGINTY,

                *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Ben Gary Treistman, *pro se*, Shady, NY.

**FOR DEFENDANTS-APPELLEES:**          Allyson B. Levine, Assistant Solicitor
                                      General of Counsel, Jeffrey W. Lang,
                                      Deputy Solicitor General, and Barbara D.
                                      Underwood, Solicitor General *for* Letitia
                                      James, Attorney General of the State of
                                      New York, Albany, NY.

Appeal from an August 27, 2018 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Ben Gary Treistman ("Treistman"), proceeding *pro se*, sued the New York state family court system, family court judge Anthony McGinty, and other court employees under 42 U.S.C. §§ 1981, 1983, and 1985. He alleged that that Judge McGinty did not adhere to state regulations when he failed to timely hold a trial in Treistman's child custody case, which violated his due process rights. The District Court dismissed the complaint, reasoning that the defendants were immune from suit. It further reasoned that Treistman's request for injunctive relief did not trigger an exception to immunity because the family court case had concluded prior to the federal lawsuit and any injunctive relief would therefore have been retrospective. Treistman moved for reconsideration and to amend his complaint based on the fact that he had filed a new petition in the child custody case. The District Court denied the motion because Treistman had known of the new petition over seven months prior to its decision dismissing the complaint and failed to inform the court. It denied leave to amend because judgment had been entered and reconsideration had been denied. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Motion to Dismiss

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Treistman does not dispute on appeal that Eleventh Amendment and judicial immunity apply to the defendants. Instead, he argues that he sought prospective relief, which is not barred by either type of immunity. If a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," the Eleventh Amendment cannot bar it. *Verizon Md. Inc. v.*

*Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." (internal quotation marks omitted)). But a declaration dealing with court proceedings that have already occurred would be retrospective. *See Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) ("Any declaration could say no more than that Connecticut had violated federal law in the past . . . [and] would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." (internal quotation marks omitted)). Further, even if a declaration stating that the family courts must obey state law was prospective in nature, the Eleventh Amendment would bar the district court from issuing it. "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

The complaint sought declaratory relief that was properly characterized as retrospective. Treistman sought a declaration stating that the defendants violated state regulations and that the family courts had a policy to violate state regulations. This is entirely retrospective and is barred by Eleventh Amendment immunity. *See Ward*, 207 F.3d at 120. For similar reasons, judicial immunity bars any claim for retrospective declaratory relief.

Further, the Eleventh Amendment barred the injunctions Treistman sought because there was no ongoing violation of federal law. Treistman sought to enjoin the defendants from further scheduling trials in violation of state law and to train judicial employees about the requirements. But he stated in the complaint that the custody proceedings had ended in February 2016, and conceded in his opposition to the motion to dismiss that the custody case had "ended with a dispositive decision." Treistman argues that his complaint put the District Court on notice that further custody proceedings were plausible because he could have refiled a custody petition at any time, custody proceedings do not really end "until the child reaches the age of majority," and the actual custody order contemplated further proceedings. But his assertions that there would be future violations were speculative. Treistman did not allege any facts that plausibly showed (1) future proceedings would likely occur *and* (2) that such proceedings would be accompanied by any due process violations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). The fact that the custody order (which was not provided to the District Court until Treistman moved for reconsideration) stated that the successful completion of a year of therapeutic visitation may be grounds for a motion for modification does not plausibly show that such a motion would likely be made and that a similar violation would occur.

Finally, although the District Court did not specifically address the claims for prospective injunctive relief against the individual defendants, it properly dismissed those claims as well.

3

Treistman could not have obtained any injunctive relief under § 1983 because § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The defendants here were "judicial officer[s]" because they were judicial employees entitled to judicial and quasi-judicial immunity. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (ruling that court clerks were entitled to quasi-judicial immunity based on their actions in particular cases). Treistman did not allege that the defendants violated a declaratory decree or that declaratory relief was unavailable. Therefore, injunctive relief under § 1983 was unavailable.

Treistman also could not have obtained relief under §§ 1981 and 1985 because he failed to state claims for relief. He did not allege discrimination based on race, which both statutes require. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087–88 (2d Cir. 1993) (claims under 42 U.S.C. §§ 1981, 1985, and 1986 require showing "that the alleged discrimination took place because of the individual's race"). Accordingly, the District Court properly dismissed Treistman's claims seeking prospective relief against the defendants.

## II.     Motions for Reconsideration and Leave to Amend

We review a District Court's decision granting or denying a Federal Rule of Civil Procedure 60(b) motion or motion for leave to amend the complaint for abuse of discretion. *See Molchatsky v. United States*, 713 F.3d 159, 162–63 (2d Cir. 2013) (Rule 60); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (leave to amend). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)).

The District Court did not abuse its discretion by denying Treistman's motion for reconsideration because he did not earlier present evidence relating to the reopening of his custody case. Treistman argues that he was not obligated to keep the District Court informed of further developments in his child custody case. But to succeed on a motion for reconsideration, "the movant must present evidence that is truly newly discovered or . . . could not have been found by due diligence." *Id.* at 131 (internal quotation marks omitted; alteration in original). As the District Court concluded, Treistman failed to present new evidence that satisfied the requirements of Rule 60. He was aware that new family court petitions had been filed for over seven months prior to the District Court's ruling on the motion to dismiss and his motion for reconsideration. He therefore could have presented the evidence of those filings at an earlier date, which means the filings were not "newly discovered" for the purposes of Rule 60. *See United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (affirming denial of Rule 60 motion where movant knew "all along" of evidence).

4

The District Court also did not abuse its discretion by denying Treistman's motion for leave to amend the complaint, reasoning that leave to amend should not be granted once judgment is entered unless the judgment is subsequently vacated. There was no abuse of discretion. Judgment had been entered in this case and the court denied the reconsideration motion. *See In re Assicurazioni Generali, S.p.A.*, 592 F.3d 113, 120 (2d Cir. 2010) ("The filing of an amended complaint is not permissible once a judgment is entered unless the judgment is set aside or vacated[.]"). Further, any amendment would have been futile because Treistman could not have obtained any injunctive relief under § 1983 and failed to state claims under §§ 1981 and 1985. Because amendment would have been futile, the District Court did not err by denying leave to amend the complaint.

## CONCLUSION

We have reviewed all of the arguments raised by Treistman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 27, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk