20-3117
*Koger v. Richardson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-one.

PRESENT:    Guido Calabresi,
            Barrington D. Parker,
            Steven J. Menashi,
                    *Circuit Judges.*
_____

FREDERICK S. KOGER, ROSLYN O. DREW,
AMANDA Z. KOGER, MEGAN E. KOGER,

        *Plaintiffs-Appellants*,

    v.                                              No. 20-3117

JUDGE CLARK V. RICHARDSON,
CHIEF JUDGE JANET DIFIORE,

*Defendants Appellees.*[*]

_____

For *Plaintiffs-Appellants*:     Frederick S. Koger, Roslyn O. Drew, Amanda Z. Koger, Megan E. Koger, pro se, Chicago, IL.

For *Defendants Appellees*:     No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

Appellants Frederick Koger, Roslyn Drew, Amanda Koger, and Megan Koger, pro se, appeal from the district court's orders dismissing their complaint as frivolous and denying their motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and emphasis omitted). We construe the appellants'

---

[*] The Clerk of Court is directed to amend the caption as shown above.

2

complaint as asserting due process and defamation claims and seeking monetary and injunctive relief. The appellants assert that, in 2019, they found a decision online dated June 28, 2005, and signed by Judge Clark Richardson. In that decision, due to the failure of Frederick Koger and Drew to appear before the court, Judge Richardson held a factfinding hearing by inquest and found by a preponderance of the evidence that the parents had committed educational neglect. The appellants argue that this order was defamatory and that it was entered without any appropriate due process. They request monetary damages and injunctive relief in the form of removing the opinion from the internet.

Monetary damages against judges are barred by judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Nor can judges be liable for defamation because "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); RESTATEMENT (SECOND) OF TORTS § 585 (JUDICIAL OFFICERS) (1977) ("A judge or other officer performing a judicial function is absolutely privileged to publish defamatory

matter in the performance of the function if the publication has some relation to the matter before him").

The plaintiffs also seek injunctive relief in the form of removal and retraction of the family court order. While judicial immunity disposes of their suit for damages, judges are not immune from suit for injunctive relief. *See Heimbach v. Village of Lyons*, 597 F.2d 344, 347 (2d Cir. 1979) (per curiam); *see also Pulliam v. Allen*, 466 U.S. 522, 536-37 (1984) ("[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"); *Wood v. Strickland*, 420 U.S. 308, 314 n. 6 (1975) ("[I]mmunity from damages does not ordinarily bar equitable relief"); *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998).

We affirm the district court's dismissal on the ground that the plaintiffs' claims were untimely. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm ... on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely"). "Section 1983 actions filed in New York are ... subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted). The

4

plaintiffs filed their complaint on September 30, 2019. Therefore, their § 1983 claims must have accrued on September 30, 2016, or later to be timely.[1] But the plaintiffs complain of an act that occurred in 2005, namely Justice Richardson's neglect finding. Although the plaintiffs claim that they were unaware of the 2005 order until 2019, this claim is belied by the date of the order—June 28, 2005—and the fact that three of the plaintiffs previously sued Justice Richardson for issuing that order.[2] For the same reasons, we affirm the dismissal of the defamation claims. In New York, a defamation claim has a one-year statute of limitations. N.Y. C.P.L.R. § 215(3). The plaintiffs' defamation claim therefore must have accrued on September 30, 2018, or later. As noted above it did not, and the defamation claim

---

[1] Although Amanda and Megan Koger were minors in 2005, this does not affect the timeliness of their complaint. New York tolls the statute of limitations only until the minor in question turns 18, after which she has three years to commence an action. N.Y. C.P.L.R. § 105(j) (defining "infant" as a person under 18 years of age), *id.* § 208(a) (stating that a person who is considered disabled due to infancy has three years from the date of their majority status to commence an action that accrued during their infancy). Amanda turned 18 on August 29, 2010, and Megan turned 18 on August 15, 2013. The latest dates these plaintiffs could bring § 1983 claims were August 29, 2013, and August 15, 2016, respectively.

[2] We may take judicial notice of the district court decisions dismissing the 2008 and 2013 complaints brought by Frederick, Amanda, and Megan Koger and the related court filings. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

is untimely.

We also affirm the district court's denial of reconsideration. We review a district court decision granting or denying a Federal Rule of Civil Procedure 60(b) motion for abuse of discretion. *Molchatsky v. United States*, 713 F.3d 159, 162-63 (2d Cir. 2013). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)). The plaintiffs did not show that the district court had overlooked any facts or controlling decisions and the district court had already considered all the arguments and evidence they raised in their motion. Because the plaintiffs sought reconsideration based on issues already determined by the district court, the district court did not abuse its discretion by denying the motion. *See Shrader v, CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

We have considered the appellants' remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court